Filed 2/25/16  P. v. George CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B259774 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA427812) |
| v. | |
| SAMMY GEORGE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mark A. Young, Judge.  Affirmed as modified.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Sammy George contends the abstract of judgment issued in his case incorrectly indicates he suffered a prior serious or violent felony conviction and was sentenced on that basis.  The People agree the abstract of judgment is incorrect.  We direct the trial court to correct the abstract of judgment.

## DISCUSSION

The underlying facts are not pertinent to our resolution of this appeal.  On October 28, 2014, a jury found George guilty of one count of pandering (Pen. Code, § 266i, subd. (a)(6).)  George subsequently admitted suffering a prior conviction for a violation of Health and Safety Code section 11350, within the meaning of Penal Code section 667.5.  The trial court struck the prison term prior and imposed a three-year prison term.  However, the resulting abstract of judgment indicated George was sentenced to prison due to a current or prior serious or violent felony conviction.  As the People concede, this was incorrect.  Nothing in the record indicates George suffered a current or prior serious or violent felony conviction, or that the trial court sentenced him on that basis.  We agree the abstract of judgment must be corrected to accurately reflect the record and the judgment pronounced in court.  (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.)

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment deleting any reference to George suffering a current or prior serious or violent felony conviction, and to forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


                                                        BIGELOW, P.J.

We concur:



            FLIER, J.                    GRIMES, J.


2